**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4897**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY DEMARIUS HINES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00276-TDS-1)

Submitted:  July 14, 2020                                    Decided:  August 27, 2020

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Demarius Hines pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). The district court calculated Hines' advisory sentencing range under the U.S. Sentencing Guidelines Manual (2018) at 27 to 33 months' imprisonment and, after imposing an upward variance, sentenced Hines to 72 months' imprisonment. Hines challenges the substantive reasonableness of this sentence on appeal. We affirm.[*]

We review the reasonableness of a criminal sentence "under a deferential abuse-of-discretion standard" and assess the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). This standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *United States v. Rivera-Santana*, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal quotation marks omitted). Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008).

In reviewing the substantive reasonableness of an above-Guidelines variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014)

---

[*] We have confirmed after review of the record that the sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).

2

(internal quotation marks omitted). When a district court imposes a sentence outside of the Guidelines' advisory range, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Extraordinary circumstances, however, are not necessary to justify a deviation from the Guidelines range. *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). "[E]ven though we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Zuk*, 874 F.3d at 409 (internal quotation marks, ellipsis, and brackets omitted). Rather, "we give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. (internal quotation marks omitted).

Hines argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2018) in view of the fact that his offense conduct—shooting his firearm at the residence in a neighborhood where he believed the boyfriend of the mother of some of his children resided and threatening to shoot her—did not result in any person being hurt and in light of his incarceration history and personal history and circumstances. Although the district court sentenced Hines to a prison term over three years above the top of the advisory Guidelines range, we conclude that this term does not amount to an abuse of discretion under the totality of the circumstances. The district court properly considered and explained its decision pursuant to relevant 18 U.S.C. § 3553(a) factors. As the district court noted, although Hines had experienced some mental health issues and did not shoot a person, his

3

offense conduct was egregious and serious, *see* 18 U.S.C. § 3553(a)(1). The conduct went beyond mere possession of a firearm Hines knew he was not supposed to possess and included his violent behavior of indiscriminately shooting in a residential area—evincing his disregard for the safety of those in the neighborhood despite his capacity to understand his conduct was inappropriate—and threatening to shoot the mother to some of his children. The court also recognized the need for the sentence to reflect the seriousness of Hines' conduct, to protect the public, to promote respect for the law, and to afford adequate deterrence, *see id.* § 3553(a)(2)(A)-(C), given that Hines engaged in his offense conduct while on probation for prior offenses and after having received a lenient prior incarceration term but was not deterred by those experiences and given his capacity to understand his conduct was inappropriate and irresponsible but willingness to engage in it anyway. Giving these aggravating circumstances, the district court acted within its discretion in imposing the 72-month upward variance sentence in this case. We thus afford due deference to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justify the 72-month prison term. *See United States v. Diosdado-Star*, 630 F.3d 359, 362, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on district court's examination of relevant § 3553(a) factors).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4